UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JUAN JOSE RUIZ CORREA** | **CIVIL ACTION NO. 25-1712 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ELEAZAR GARCIA JR ET AL** | **MAG. JUDGE PEREZ-MONTES** |

MEMORANDUM ORDER

Before the Court is a habeas Petition (ECF No. 1), filed by Juan Jose Ruiz Correa ("Petitioner"). Scott Ladwig, Todd Lyons, and Kristi Noem (the "Federal Respondents")[1] oppose and move to dismiss. *See* ECF No. 6. Petitioner replied. *See* ECF No. 7.

After careful consideration of the parties' memoranda and the applicable law, the Petition is **DISMISSED**.

I. BACKGROUND

Petitioner is a Nicaraguan who illegally entered the United States in 2018 and has lived here since. *See* ECF No. 1 at 2. On July 28, 2025, Petitioner was arrested in Farmingdale, New York, and transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* While in ICE custody, "[a]round the end of August," Petitioner began having testicular pain. *Id.* at 3. This was especially concerning for Petitioner, as he has only one testicle remaining—testicular cancer having taken the other in 2022. *Id.* at 2–3. The doctor at the facility where Petitioner is housed

---

[1] Respondent Eleazar Garcia Jr. is the Warden of the Winn Correctional Center, where Petitioner is currently housed. He is apparently not represented by the United States Attorney's Office and is not a "Federal Respondent." *See* ECF No. 6 at 1, n.1.

1

examined him, performed blood and urine tests, and found no cause for concern. *Id.* at 3. On October 30, 2025, Petitioner's symptoms began to worsen with pain "so unbearable that he was not able to sleep." *Id.* Petitioner attempted to alert the facility guards, and his deportation officer "through the detainee tablet," of his need for emergency medical care and was allegedly ignored. *Id.* at 3–4. Displeased, Petitioner filed the instant suit, accompanied by a motion for a temporary restraining order ("TRO"), seeking release or conditional release. *See* ECF No. 2.

The next day, the Court held a telephone conference, during which counsel for the Federal Respondents informed the Court that Petitioner was seen again by a provider, was referred for a testicular ultrasound the following week, and was switched to stronger pain medication. *See* ECF No. 3. At that conference, the Court tentatively set a status conference for the following week and advised the parties to alert the Court if Petitioner's situation changed, or if the follow-up conference became no longer necessary. *See id.* At Petitioner's request, the Court held the follow-up conference, during which counsel for the Federal Respondents represented that the ultrasound had been performed, the results were pending, and that, depending on the results, Petitioner would be seen by a urologist. *See* ECF No. 5. Counsel for Petitioner advised that they had sought the independent advice of a doctor, who characterized Petitioner's situation as emergent. As the Petitioner was receiving medical care, the Court denied the TRO. *See id.* The Court further set a briefing schedule for the Petition. Federal Respondents filed their response and moved for dismissal on the basis that habeas is not the correct vehicle for Petitioner's claims. *See* ECF No. 6. Petitioner disagrees. *See* ECF No. 7. More below.

## II.     LAW AND ANALYSIS

Petitioner's writ seeks release or conditional release predicated on his medical troubles in immigration detention.  *See* ECF No. 1.  He is not so entitled.

The writ of habeas corpus is a device "used to test the legality of a given restraint on liberty."  *Jones v. Cunningham,* 371 U.S. 236, 238 (1963).  "Its sole function is to grant relief from unlawful imprisonment or custody…."  *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  Habeas "is not available to review questions unrelated to the cause of detention."  *Id.*  Rather, "if a favorable determination ... would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead.  *Carson v. Johnson,* 112 F.3d 818, 820–21 (5th Cir. 1997).  As relevant here, "[u]nconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release."  *Ahmed v. Warden,* No. 1:24-CV-01110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted,* 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); *see also Rice v. Gonzalez,* 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr,* No. CV H-18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action.").[2]  "Nor do allegations of mistreatment that amount to cruel and

---

[2] Petitioner cites *Dada v. Witte* for the proposition that this Court has already recognized habeas relief as appropriate for a conditions-of-confinement claim in the immigration habeas context.  *See*

3

unusual punishment nullify an otherwise lawful detention." *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).

Applying the above precedents, because Petitioner seeks release or transfer on account of his testicular pain, and not on the basis that ICE is without legal authority to detain him, his claims are not cognizable in the habeas context. *See id.* While Petitioner asserts that "[t]his Court has jurisdiction over the habeas claims because the only remedy sought is release," *see* ECF No 7 at 3, "[a] demand for release does not convert a conditions-of-confinement claim into a proper habeas request." *Cureno Hernandez v. Mora*, 467 F. Supp. 3d 454, 460 (N.D. Tex. 2020). Nor is the Court convinced that release from custody is the only effective remedy, contrary to Petitioner's chosen precedents. *See* ECF No. 7 at 3 (citing *Vazquez-Berrera v. Wolf*, No. 20-cv-1241, at 7 (S.D. Tex. Apr. 17, 2020)).

Furthermore, even if we could consider Petitioner's conditions-of-confinement claim in this posture, he still "must demonstrate that the officials acted with deliberate indifference to his medical needs or his safety." *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 664 (S.D. Tex. 2020). He cannot on the facts currently before the Court, because "a prisoner's disagreement with his medical treatment, absent exceptional circumstances," "do[es] not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). As he is apparently being actively treated, albeit progressively, by the facility where he is housed, *see* ECF Nos. 3 & 5, he has no claim to quibble with that care. *See Gobert*, 463 F.3d at 349–352. All of

---

2020 WL 2614616, at *1. However, *Dada* explicitly has "no precedential value as to any other detainee at any other time." *See id.*

that to say—if Petitioner would like to make some other claim surrounding his detention, he must do so another way. *See Ndudzi v. Castro,* No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2–3 (W.D. Tex. June 18, 2020).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that this action is hereby **DISMISSED** without prejudice.

**THUS DONE AND SIGNED** this 21st day of November, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

5